**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|                                      |   |                                      |
|--------------------------------------|---|--------------------------------------|
| LAIMONIS DRUNKOVSKIS,                | : | CIVIL ACTION NO. 14-6112 (MLC)       |
| Plaintiff,                           | : | **MEMORANDUM OPINION**               |
| v.                                   | : |                                      |
| LEONARD G. MEAUX, et al.,            | : |                                      |
| Defendants.                          | : |                                      |

**THE PLAINTIFF** brought this action in state court to recover damages for personal injuries sustained in a vehicular accident. (See dkt. entry no. 1-1, Compl.) The plaintiff named as defendants: (1) Leonard G. Meaux, also identified as Georgette M. Leonard ("Meaux"); (2) U.S. Xpress Enterprises, Inc. ("USXE"); and (3) U.S. Xpress Leasing, Inc. ("USXL"). (See dkt. entry no. 1, Notice of Removal 1–3.)

**USXE AND USXL** removed this action to this Court based on subject-matter jurisdiction pursuant to 28 U.S.C. § 1332(a). (Id. at 2–3.)

**BUT** this removal is barred. USXE and USXL had to "obtain the unanimous consent of all defendants before seeking to remove the case to federal court". Step Plan Servs. v. Koresko, 219 Fed.Appx. 249, 250 (3d Cir. 2007) (explaining rule of unanimity); see First Am. Title Ins. Corp. v. JP Morgan Chase & Co., 384 Fed.Appx. 64, 66 (3d Cir. 2010) (stating "[r]emoval . . . requires unanimity among defendants"). USXE and USXL failed to obtain Meaux's consent to removal in writing.

**THE COURT** will therefore remand this action to state court.  The Court will issue an appropriate order and judgment.[1]


  s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge

Dated:  December 22, 2014

-------------------------------------------

[1]  Meaux may attempt to timely remove this action from state court again with the written consent of USXE and USXL.  See 28 U.S.C. § 1446(b); see also In re Diet Drugs, 282 F.3d 220, 232 n.8 (3d Cir. 2002) (stating "removal statute . . . does not categorically prohibit the filing of a second removal petition following remand"); Doe v. Am. Red Cross, 14 F.3d 196, 200 (3d Cir. 1993) (stating "nothing . . . prohibit[s] the filing of a second removal petition pursuant to Section 1446(b)"); C.S. v. Target Corp., No. 11-244, 2011 WL 915957, at *3 (W.D. Pa. Mar. 16, 2011) (stating "mere fact that a second (or third) notice of removal is filed does not appear to be dispositive").